IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., <br><br>      Plaintiff, <br><br>vs. <br><br>SUNBELT RENTALS, INC. <br><br>      Defendant. | ) <br> ) <br> ) <br> ) <br> )   Case No. 2:11-CV-425-DF-CMC <br> ) <br> ) <br> )   **JURY TRIAL DEMANDED** <br> ) <br> ) |

### SUNBELT RENTAL INC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant and Counterclaimant Sunbelt Rentals, Inc. ("Sunbelt"), by and through its undersigned counsel, responds to Plaintiff GeoTag, Inc.'s ("GeoTag") Complaint ("Complaint") as follows:

### THE PARTIES

1.   Sunbelt is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, as such, denies the same.

2.   Sunbelt admits that it is a North Carolina corporation and has a place of business in Fort Mill, South Carolina. Sunbelt further admits that it has appointed CT Corporation System as its agent for service of process.

### JURISDICTION AND VENUE

3.   Sunbelt admits that GeoTag filed a Complaint asserting claims for patent infringement under Title 35 of the United States Code. Sunbelt further admits that the Court has subject matter jurisdiction to the extent that GeoTag has standing. Sunbelt admits that it has a website that is accessible in Texas but denies that the website infringes any claim of a valid and

1

enforceable patent. Sunbelt admits that it has done and solicited business and provided goods and services to persons or entities in Texas. Sunbelt denies the remainder of the allegations in paragraph 3 of the Complaint.

4. Sunbelt admits that venue is proper in this judicial district but denies that venue is proper for the reasons alleged by GeoTag. Sunbelt further admits that it has a website that is accessible in Texas but denies that the website infringes any claim of a valid and enforceable patent. Sunbelt admits that it has done and solicited business and provided goods and services to persons or entities in Texas. Sunbelt denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

5. Sunbelt admits that the '474 patent is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Sunbelt denies that the '474 patent issued on July 29, 1999. Sunbelt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint and, as such, denies the same.

6. Sunbelt is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, as such, denies the same.

7. Sunbelt denies the allegations set forth in paragraph 7 of the Complaint.

8. The allegations of paragraph 8 do not require a response from Sunbelt. To the extent a response is required, Sunbelt denies the allegations in paragraph 8 of the Complaint.

9. Sunbelt denies the allegations in paragraph 9 of the Complaint.

## GENERAL DENIAL

Except as explicitly admitted herein, Sunbelt denies each and every allegation contained in GeoTag's Complaint.

## PRAYER FOR RELIEF

Sunbelt denies that GeoTag is entitled to any of the relief requested in GeoTag's Prayer for Relief.

## JURY DEMAND

Sunbelt admits that Plaintiff has demanded a jury trial.  To the extent that Plaintiff's jury demand contains any allegations and/or averments directed to Sunbelt, they are denied.  Sunbelt hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Sunbelt alleges and asserts the following affirmative defenses in response to the allegations of GeoTag's Complaint without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses described below and subject to its responses above, Sunbelt specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

11. Sunbelt does not and has not infringed any valid and enforceable claim of the '474 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3

12. One or more claims of the '474 patent are invalid for failure to meet the requirements of 35 U.S.C. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Waiver and/or Acquiescence)

13. Plaintiff's claims are barred by one or more of the doctrines of laches, estoppel, waiver and/or acquiescence, including but not limited to Plaintiff's unreasonable delay in asserting the patent-in-suit.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

14. GeoTag is estopped by reason of prosecution history estoppel from asserting infringement of the '474 patent under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

15. GeoTag's claim for damages, if any, against Sunbelt is statutorily limited by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

16. Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Sunbelt's allegedly infringing acts occurring more than six years before the filing of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

17. Plaintiff is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

US2008 2950909.1

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Sunbelt Rentals Inc. ("Sunbelt") states as follows:

## PARTIES

1. Counterclaim Plaintiff Sunbelt is a North Carolina corporation, with its principal place of business in Fort Mill, South Carolina.

2. Counterclaim Defendant GeoTag, Inc. ("GeoTag") purports to be a Delaware corporation, with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code and accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  This is also a declaratory judgment action for a declaration of non-infringement and invalidity and subject matter jurisdiction is also proper under 28 U.S.C. §§ 2201 and 2202.

4. By filing its Complaint, GeoTag has consented to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and 1400.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

6. GeoTag has alleged that Sunbelt infringes or has infringed the '474 patent. Sunbelt denies that it infringes or has infringed any valid claim of the '474 patent.

7. Thus, an actual, substantial controversy exists between the parties as to whether Sunbelt infringes the '474 patent.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Sunbelt is entitled to a declaration by the Court that it does not infringe and has not infringed any claim of the '474 patent.

## COUNT II
## DECLARATION OF INVALIDITY

9.      GeoTag has alleged that Sunbelt infringes or has infringed the '474 patent.

10.     One or more claims of the '474 patent are invalid or void for failure to meet the requirements of 35 U.S.C. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

11.     Thus, an actual, substantial controversy exists between Sunbelt and GeoTag concerning the invalidity of the '474 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and 35 U.S.C. § 100 et seq., Sunbelt is entitled to a declaration by the Court that the '474 patent is invalid.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, Sunbelt is entitled to recovery from GeoTag of Sunbelt's attorney's fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Sunbelt denies that GeoTag is entitled to any of the relief requested in GeoTag's Prayer for Relief. Sunbelt further respectfully requests that this Court enter judgment in Sunbelt's favor and against Plaintiff GeoTag by granting the following relief:

a)     a declaration that the asserted claims of the '474 patent are invalid;

b)     a declaration that Sunbelt does not infringe, under any theory, any claim of the '474 patent that may be enforceable;

  c)  a declaration that GeoTag take nothing by its Complaint;

  d)  judgment against GeoTag and in favor of Sunbelt;

  e)  dismissal of the Complaint with prejudice;

  f)  an award to Sunbelt of its costs and attorneys' fees incurred in this action;  and

  g)  further relief as the Court may deem just and proper.

## JURY DEMAND

Sunbelt hereby respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: February 3, 2012                                Respectfully submitted,

                                             /s/ Matias Ferrario
                                            Matias Ferrario
                                            NC Bar No. 38723
                                            mferrario@kilpatricktownsend.com
                                            KILPATRICK TOWNSEND & STOCKTON LLP
                                            1001 West Fourth Street
                                            Winston-Salem , NC 27101-2400
                                            Telephone:  336.607.7300
                                            Facsimile:  336.607.7500

                                            *Attorney for Sunbelt Rentals, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd day of February, 2012. Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ *Matias Ferrario*
Matias Ferrario